**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MANUEL JOSEPH RIVERA #1700319** | § | |
| | § | |
| **V.** | § | **A-11-CA-275-LY** |
| | § | |
| **MIKE FROM THE AUSTIN RESOURCE** | § | |
| **CENTER FOR THE HOMELESS,** | § | |
| **AUSTIN POLICE DEPARTMENT,** | § | |
| **POLICE OFFICER 1, POLICE** | § | |
| **OFFICER 2, CITY OF AUSTIN, and** | § | |
| **AUSTIN CITY COUNCIL MEMBERS** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Plaintiff's more definite statement (Document No. 8); and the City of Austin's 12(b)(1) & (6) Motion to Dismiss and/or Motion for Summary Judgment (Document No. 23). Plaintiff did not file a response thereto.

**I.  BACKGROUND**

At the time he filed his complaint, Plaintiff was confined in the Travis County Correctional Complex.  Plaintiff was subsequently transferred to the Hightower Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.

Plaintiff alleges on June 3, 2009, he was arrested at the Austin Resource Center ("ARC") for the Homeless.  Plaintiff contends too much force was used during the arrest, which resulted in his foot being broken.  Plaintiff claims the incident involved an employee of the ARC, a Ranger, and two Austin police officers.  Plaintiff reported the incident to the Austin City Council, which allegedly did nothing.  After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement.

In his more definite statement Plaintiff clarifies the defendants in this action are:  Mike from the Austin Resource Center for the Homeless, the Austin Police Department, Police Officer 1, Police Officer 2, the City of Austin and all of the Austin City Council Members.  Plaintiff alleges Mike started the whole incident when he denied Plaintiff a bed at the shelter.  Because Plaintiff was denied a bed, Plaintiff asserts he did not have access to his medication, which caused a mood swing.  Plaintiff then was allegedly punched by Mike and arrested by two police officers.  According to Plaintiff, his chest caved in and his foot was broken when a 310 pound police officer put all of his weight on Plaintiff's foot.  Plaintiff admits he was arrested for public intoxication and was sentenced to one day in jail.  After Plaintiff was released, he voiced his complaint to the Austin City Council.  Plaintiff complains they took no action.

The Court ordered service on the City of Austin.  The Court informed Plaintiff he was responsible for providing the Court with the names of the police officers in order for them to be served.  Plaintiff was to provide the Court with the names of the officers within forty-five days of May 20, 2011.  To date, Plaintiff has not responded to the Court's order.

The City of Austin moves to dismiss Plaintiff's complaint or in the alternative for summary judgment.  The City of Austin contends the Court lacks subject matter jurisdiction over this case,

2

Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) and Plaintiff failed to state a claim against the City for which relief can be granted because the City is not liable under a theory of respondeat superior.

## II. ANALYSIS

### A.    Unnamed Police Officers

Plaintiff failed to provide the Court with the names of the unidentified police officers. Accordingly, Plaintiff's claims against the unnamed police officers should be dismissed without prejudice for want of prosecution.

### B.    Standard Under 28 U.S.C. § 1915(e)

The Court did not order service against "Mike from the Austin Resource Center for the Homeless," the Austin Police Department or the Austin City Council Members.  The Court will analyze Plaintiff's claims brought against these defendants pursuant to 28 U.S.C. § 1915(e).  An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

1.      Defendant Mike

The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party.  A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim.  Love v. King, 784 F.2d 708, 712 (5th Cir. 1986);  Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019, 101 S. Ct. 3009 (1981).  Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights.  See, Monroe v. Pape, 365 U.S. 167, 184, 81 S. Ct. 473 (1961); accord, Brown v. Miller, 631 F.2d 408, 410-11 (5th Cir. 1980).  A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents.  Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct 183, 186 (1980).  To prevail on a Section 1983 conspiracy claim against an otherwise private party, the plaintiff must allege and prove an agreement between the private party and persons acting under color of state law to commit an illegal act and an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement.  See, Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995).

An employee of the Austin Resource Center for the Homeless is not a state actor.  Plaintiff does not a allege there has been a conspiracy on the part of the employee to violate his constitutional rights.  As such, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Mike.

2.      Austin Police Department

The Austin Police Department is not a legal entity capable of being sued.  See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the

Jefferson County Detention Center is not a legal entity subject to suit); <u>Darby v. Pasadena Police</u>

<u>Dep't</u>, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental

subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the

Austin Police Department should be dismissed with prejudice for failure to state a claim upon which

relief can be granted.

        3.    <u>Austin City Council Members</u>

The next issue the Court must address is whether Plaintiff has stated a claim under 42 U.S.C.

§ 1983 against the Austin City Council Members. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of

a right 'secured by the Constitution and the laws.'" <u>Baker v. McCollan</u>, 443 U.S. 137, 140, 99 S. Ct.

2689, 2692 (1979); <u>Green v. State Bar of Texas</u>, 27 F.3d 1083, 1087 (5th Cir. 1994). "By its terms,

of course, the statute creates no substantive rights; it merely provides remedies for deprivations of

rights established elsewhere." <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432

(1985) (citing <u>Baker</u>, 443 U.S. at 140, 144 n.3, 99 S. Ct. at 2692, 2694 n.3). Even after the plaintiff

has established a deprivation of a constitutional right, he must still show that the defendant was the

"person" who caused the plaintiff's deprivation. <u>Id.</u> at 817, 105 S. Ct. at 2433.

Plaintiff has not alleged a valid constitutional violation against the Austin City Council

Members. Plaintiff is merely dissatisfied they failed to address his complaint when he complained

to them about the injury sustained during his arrest.  Accordingly, Plaintiff's claims should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

      C.     <u>Standard Under Rule 12(b)(1)</u>

Defendant City of Austin moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  Rule 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." <u>Home Builders Ass'n of Miss., Inc. v. City of Madison</u>, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting <u>Nowak v. Ironworkers Local 6 Pension Fund</u>, 81 F.3d 1182, 1187 (2d Cir. 1996)).  "[T]he standard of Rule 12(b)(1) ... while similar to the standard of Rule 12(b)(6), permits the court to consider a broader range of materials in resolving the motion." <u>Williams v. Wynne</u>, 533 F.3d 360, 365 n. 2 (5th Cir. 2008).

A court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." <u>Clark v. Tarrant Cnty.</u>, 798 F.2d 736, 741 (5th Cir. 1986).  If, however, the defendant challenges the court's subject matter jurisdiction based only on the allegations in the complaint, the court's review is limited to the complaint alone.  <u>See Paterson v. Weinberger</u>, 644 F.2d 521, 523 (5th Cir. 1981) (distinguishing between a facial attack and a factual attack on subject matter jurisdiction).  If the allegations, which the court must accept as true, are sufficient to allege jurisdiction, "the complaint stands." <u>Id.</u>; <u>see also</u> <u>Sinaltrainal v. Coca–Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009) ("In a facial attack ... the court examines whether the complaint has sufficiently alleged subject matter jurisdiction.  As it does when considering a Rule 12(b)(6) motion

to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged ... in the complaint as true.").

In this case, the Court has subject matter jurisdiction over Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.  Accordingly, Defendant City of Austin's Rule 12(b)(1) Motion to Dismiss should be denied.

> D.   Heck v. Humphrey

Defendant City of Austin moves to dismiss Plaintiff's complaint pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).  Heck involved a lawsuit filed pursuant to Section 1983 in which a finding in the plaintiff's favor would have implied that a state criminal conviction was invalid.  See Heck, 512 U.S. at 487. As a result, when damages are sought in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence.  Id.  If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Id.  If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the conviction or sentence, the action should be allowed to proceed, in the absence of any other bar to the suit.  Id.

The rule discussed in Heck does not bar Plaintiff's claims here.  Plaintiff's success on his claim for use of excessive force would not necessarily imply the invalidity of his conviction for public intoxication.  Just because an arrestee is intoxicated does not allow an officer to use excessive force.  Accordingly, Defendant's argument is without merit.

E.     Standard Under Rule 12(b)(6)

Defendant City of Austin also moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted.  When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." Bell Atlantic v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1965-66 (2007).  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., 550 U.S. at  570, 127 S. Ct. at 1974.  The Supreme Court has recently made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The standard is properly guided by "[t]wo working principles." Id.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949-50.  Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, in

8

considering a motion to dismiss the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Even after Twombly, though, courts remain obligated to construe a pro se complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (reiterating long-standing rule that documents filed pro se are to be construed liberally).

       1.   Municipality Liability

     As explained by the City, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).  The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right.  Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992).  Thus, the City of Austin would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations, or through informal acceptance of a course of action by its employees based upon custom or usage.  Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985).  A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy."  Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986). Plaintiff failed to identify a policy, practice or custom of the City of Austin that caused a deprivation

of his constitutional rights.  Accordingly, Plaintiff failed to state a claim upon which relief can be granted.

### III.  RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims brought against Defendants Police Officer 1 and Police Officer 2 for want of prosecution, **DISMISS WITH PREJUDICE** Plaintiff's constitutional claims brought against Mike, the Austin Police Department, and the Austin City Council Members for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), **DENY** Defendant City of Austin's Rule 12(b)(1) Motion to Dismiss, **GRANT** the Defendant City of Austin's Rule 12(b)(6) Motion to Dismiss, and **DISMISS** the Defendant City of Austin's Motion for Summary Judgment.[1]

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

---

[1]  Because the Court recommends the granting of the Rule 12(b)(6) Motion to Dismiss, Defendant City of Austin's Motion for Summary Judgment need not be addressed.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of December, 2011.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE